IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | Civ. No. 09-00536 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | TEMPORARY RESTRAINING |
| vs. | ) | ORDER AND DISMISSING |
| | ) | ACTION |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING ACTION

Before the court is pro se plaintiff Chris Grindling's ("Plaintiff") "Motion for Order," which the court construes as a motion for a temporary restraining order or other emergency relief. Plaintiff is a Hawaii inmate incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. Plaintiff seeks an order requiring SCC officials to provide him with copies of a petition for writ of habeas corpus that he seeks to file in this court. Plaintiff has not filed a complaint with his Motion, nor has he submitted the filing fee, an *in forma pauperis* ("IFP") application, or security to pay the costs and damages if Defendant is later found to have been wrongfully enjoined. *See* Fed. R. Civ. P. 65(c). Plaintiff's Motion for Temporary Restraining Order is DENIED as frivolous and this action is terminated pursuant to 28 U.S.C. § 1915(e)(2).

## I. <u>BACKGROUND</u>

Plaintiff states that, on October 26, 2009, he gave a petition for writ of habeas corpus to SCC Counselor Ross for photocopying.  When he did not receive copies by November 2, 2009, Grindling asked SCC Warden Todd Thomas ("Thomas") about them and was told, "keep it up and [I] will take away [your] pen and paper."  Mot. at 1.  Plaintiff suggests that SCC officials are retaliating against him for filing suit against Thomas in the United States District Court for the District of Arizona, and for intending to file a second suit against Thomas in the same court.  Plaintiff seeks an emergency order directing Thomas to return his petition.

The U.S. Party/Case Index,[1] reveals that Plaintiff has a pending civil rights action against Thomas and others in the District of Arizona.  *See Grindling v. Thomas*, et al., No. CV 09-01685-PHX-FJM (MHB), filed August 13, 2009.  On November 3, 2009, the same date that Plaintiff sent the present Motion to this court, Plaintiff filed a similar "Motion to Compel (Order)" in the District of Arizona seeking the same relief he seeks from this court.  Doc. No. 14.

---

[1] Available at: https://pacer.uspci.uscourts.gov.

## II. <u>LEGAL STANDARD</u>

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *see also Burgess v. Forbes*, No. C 09-629, 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009); *Magnuson v. Akhter*, No. CV 08-2246, 2009 WL 185577, at *1 (D. Ariz. Jan. 27, 2009).

"A preliminary injunction is an extraordinary and drastic remedy [that] is never awarded as of right." *Munaf v. Geren*, 128 S. Ct. 2207, 2219 (2008) (citation and quotation signals omitted).  As such, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008); *see also New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (A plaintiff "seeking a restraining order must make a persuasive showing of irreparable harm and likelihood of prevailing on the merits.").  This formulation is not stated in the disjunctive -- to obtain a preliminary injunction, a party must demonstrate that there exists a significant threat of irreparable injury.  *See Am.*

3

*Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) ("[A]n injunction cannot issue merely because it is possible that there will be an irreparable injury to the plaintiff; it must be likely that there will be." (citing *Winter*, 129 S. Ct. at 375)).

### III.  DISCUSSION

There are several reasons counseling against granting Plaintiff's request for immediate injunctive relief.  First, a court may grant intermediate injunctive relief only if that relief is similar or related to the type of relief that may ultimately be granted; relief is not proper on matters lying wholly outside of the issues at suit.  *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), *amended*, 131 F.3d 950 (11th Cir. 1997).  To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that an Eighth Amendment claim cannot provide a basis for preliminary injunction against alleged acts in retaliation for filing claim). In other words, Plaintiff must seek injunctive relief related to the merits of the claims set forth in his complaint.  Plaintiff has not filed a complaint with his Motion; therefore, his request for injunctive relief is not properly before the court.

Second, Plaintiff has filed a nearly identical motion in Arizona, where he does, in fact, have a pending action.  As such, this Motion and action are frivolous.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (no abuse of discretion in dismissing an action as frivolous under 28 U.S.C. § 1915 where complaint "merely repeats pending or previously litigated claims").  This court will not authorize relief against a party in Arizona, when the same issue and request for relief is before the Arizona federal district court.

Third, Plaintiff has not shown that he will suffer irreparable harm by a delay in receiving copies of his document, and has not shown that he is likely to prevail on the merits of his claim.  He has also utterly failed to explain why the State of Hawaii is liable for actions that occurred in Arizona.  In short, Plaintiff is not entitled to a temporary restraining order on the merits of his claims.

Finally, because Plaintiff did not file a complaint or an IFP application, it appears that he is trying to circumvent the Prison Litigation Reform Act of 1995 ("PLRA"), which requires that prisoners pay for filing suit in federal court, either immediately when they file their complaints, or in installment payments after IFP is granted.  *See* 28 U.S.C. § 1915(b)(1).  The PLRA also provides for sanctions against prisoners who file actions that are frivolous,

malicious, or fail to state a claim, as discussed more fully below.  *See* 28 U.S.C.
§ 1915(g).

Plaintiff has filed at least twelve actions in the federal courts.[2]  *See*
U.S. Party/Case Index.  A review of these actions reveals that most have been
abandoned, dismissed for failure to prosecute or lack of jurisdiction, appealed, and
then voluntarily dismissed on appeal when it became clear that Plaintiff would
have to pay an appellate filing fee.  Plaintiff is well aware of the procedures
governing prisoner complaints, and has obviously and consciously chosen to
commence an action in this court, in hopes of receiving swifter or more favorable
treatment here than in Arizona, and avoiding payment for commencing the action.

For all of these reasons, Plaintiff's Motion for Order, construed as a
Motion for Temporary Restraining Order, is DENIED.

### IV.  28 U.S.C. § 1915(g)

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,

---

[2] See Civ. Nos.: 1:1991cv00457 (D. Haw.) ( civil rights); 1:2002cv00144 (D. Haw.)
(habeas); 1:2003cv00054 (D. Haw.) (habeas); 1:2005cv00694 (D. Haw.) (civil rights);
1:2006cv00438 (D. Haw.) (habeas); 1:2006cv00460 (D. Haw.) (civil rights); 1:2006cv00461 (D.
Haw.) (civil rights); 1:2007cv00502 (D. Haw.) (civil rights); 1:2007cv00561 (D. Haw.) (habeas);
1:2009cv00536 (D. Haw.) (civil rights); 1:2009cv00243 (D. Haw.) (habeas); 2:2009cv01685 (D.
Ariz.) (civil rights).

> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

In enacting the PLRA, Congress's principal intent was to deter frivolous litigation

by prisoners.  *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) ("Congress

enacted PLRA with the principal purpose of deterring frivolous prisoner litigation

by instituting economic costs for prisoners wishing to file civil claims."); *see also,*

*e.g.*, H.R. Conf. Rep. No. 104-378, at 166-67 (1995); 141 Cong. Rec. S14626

(daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)).

        Although Plaintiff did not submit a complaint with his Motion, and

the court is not dismissing a complaint as frivolous, it is clear that Plaintiff's intent

was to commence an action in this court, and to do so without incurring the

attendant costs or suffering the consequences of a dismissal for frivolousness,

maliciousness, or failure to state a claim.  The explicit language and import of the

statute is that, if a federal court dismisses a prisoner's ***action*** pursuant to any of the

provisions of 28 U.S.C. § 1915(e)(2) or § 1915A(b), that dismissal shall later count

as a strike pursuant to § 1915(g).  *See O'Neal v. Price*, 531 F.3d 1146, 1157 (9th

Cir. 2008) (clarifying that the dismissal of an action, as opposed to a claim or

complaint, is the operative event under § 1915(g)); *Lira v. Herrera*, 427 F.3d 1164,

7

1169 (9th Cir. 2005) (clarifying the distinction between dismissing a complaint and an entire action, for purposes of § 1915(g)).  Having dismissed this action as frivolous, Plaintiff is NOTIFIED that it shall count as a strike under 28 U.S.C. § 1915(g).

## V.  <u>CONCLUSION</u>

Plaintiff's Motion for Temporary Restraining Order is DENIED and this action is DISMISSED as frivolous.  The Clerk of Court is DIRECTED to note in the docket that this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g), and to terminate this action accordingly.  The Clerk of Court is also DIRECTED to send a copy of this Order to the U.S. District Court for the District of Arizona.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 18, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Grindling v. Hawaii*; Civ. No. 09-00536 JMS/KSC; Order Denying Motion for Temporary Restraining Order and Dismissing Action; pro se attys\TROs\ Grindling 06-536