IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | Civ. No. 09-00536 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Pro se Plaintiff Chris Grindling ("Plaintiff") moves for reconsideration of the November 18, 2009 Order Denying Motion for Temporary Restraining Order and Dismissing Action. *See* Doc. No. 4. Plaintiff complains that, before the court dismissed his action as frivolous under 28 U.S.C. § 1915(e)(2), he had already moved to dismiss the action, because he had received the relief he sought when "Warden Thomas returned my legal documents 3 weeks later." Mot. to Dismiss at 1. Plaintiff argues that, under the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), his motion to dismiss was filed on November 13, 2009, before the court dismissed the action as frivolous on November 18, 2009. Plaintiff also alleges that "this court had my motion to dismiss in its hands prior to making its ruling then ruling my motion moot." *Id*.

Plaintiff is incorrect that the court was aware or had possession of his Motion to Dismiss before ruling that his action was frivolous and dismissing it as such. Plaintiff signed the Motion to Dismiss on November 18, 2009, the mailing documentation on the envelope shows that it was mailed from Phoenix, Arizona, on November 19, 2009, at 9:00 p.m., and it was received and filed by the court on November 23, 2009. *See* Doc. No. 7.

Even if the prison mailbox rule applied here, the court would still deny Plaintiff's Motion to Dismiss. Plaintiff filed this action on November 6, 2009, fully aware that he had already filed an identical request for relief in the Arizona federal district court. It also appears that Plaintiff filed this action before exhausting prison administrative remedies, remedies that resulted in granting Plaintiff the relief he sought. Thus, when Plaintiff filed this action in Hawaii it was not only frivolous, it was premature.

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to discourage prisoners from filing baseless lawsuits. *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). In furtherance of that goal, Congress drafted the "three strikes" provision of 28 U.S.C. § 1915(g), limiting a prisoner's ability to proceed without the payment of a filing fee if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or


appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

In the time between the date Plaintiff filed his request for immediate injunctive relief, and the date that the court dismissed this action as frivolous, the court expended considerable energy reviewing Plaintiff's claims, assessing their merits, and determining whether Plaintiff's action should proceed and whether immediate injunctive relief was warranted.  Allowing Plaintiff to dismiss his action after the court screened his complaint would frustrate Congress's aim of deterring exactly this type of frivolous prisoner litigation.  Condoning this type of gamesmanship would allow Plaintiff "to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing § 1915(g)'s three-strikes provision."  *Stone v. Smith*, 2009 WL 368620, at *1 (S.D. Ga. Feb. 13, 2009); *see also Latson v. Johnson*, 2009 WL 2824874, at *1 (W.D. La. Sep. 2, 2009);  *Davis v. Bexley Police Dep't*, 2009 WL 414269, at *1 (S.D. Ohio, Feb. 17, 2009); *Apel v. McCool*, 2007 WL 4592245, at *1 (N.D. Fla. Dec. 28, 2007); *Young v. Leonard*, 2006 WL 3447662, at *1 (S.D. Tex. Nov. 21, 2006);  *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this

system by filing a meritless action and waiting until after it was reviewed to move for its dismissal.").

To the extent that Rule 41(a) allows prisoners to play such a game, the PLRA's screening requirement and three-strikes provisions trump the civil rule.  *See Gonzalez v. Secy for Dep't of Corr.*, 366 F.3d 1253, 1270 (11th Cir. 2004) (stating that "if the earlier adopted rule is inconsistent with the later enacted statutory provision, the rule yields to the statute to the extent of the inconsistency"); *Young*, 2006 WL 3447662, at *1 (finding a conflict between Rule 41 and the PLRA, and noting that the PLRA, as the more recent statute, takes precedence); *see also Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976) (recognizing repeal by implication in such cases where provisions in two acts are in irreconcilable conflict -- the later act impliedly repeals the earlier "to the extent of the conflict").

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 15, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Grindling v. Hawaii*; Civ. No. 09-00536 JMS/BMK; Order Denying Motion for Reconsideration; pro se attys\Recon\dmp\ Grindling 09-536 JMS